Filed 4/13/15  P. v. Klabin CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. KENNETH LEE KLABIN, Defendant and Appellant. | D065954 (Super. Ct. No. SCD245451-02) |

APPEAL from a judgment of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Affirmed.

Loleena Ansari, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In March 2014, a jury found Kenneth Lee Klabin guilty of conspiracy (with Hosea Norris) to sell methamphetamine (Pen. Code, § 182, subd. (a)(1), Health & Saf. Code,[1] § 11379, subd. (a) (count 2)), possessing methamphetamine for sale (§ 11378 (count 3))

---

[1]    Further statutory references are to the Health and Safety Code.

and receiving over $25,000 from controlled substance offenses (§ 11370.9, subd. (a) (count 4)). Klabin waived his right to a jury trial and admitted he had one prior section 11351 conviction and three prior section 11378 convictions (§ 11370.2, subd. (c) (counts 2 & 3)). In May, the court sentenced Klabin to eight years in prison: on count 2, the four-year upper term plus three years for one of the prior convictions; on count 3, a concurrent two-year middle term; and on count 4, one year (one-third the middle term). The court dismissed the remaining priors. Klabin appeals. We affirm.

## FACTUAL BACKGROUND

On January 7, 2013, San Diego Police Detective Christopher Leahy sent a text message to Klabin ordering "a half zip" (one-half ounce) of methamphetamine. Within 30 seconds, Klabin called Leahy. Detective Joseph Harper answered, posing as the person who had sent the text, and said he was interested in buying half a zip. Klabin was cautious, but became more comfortable when Harper cited names of "people in the dope community." Klabin said a person named Jose would call Harper and bring him the drugs. Leahy's phone rang again. He did not recognize the number. Harper answered and talked to a male who identified himself as Jose. After Jose vetted Harper, Harper said he wanted half a zip of methamphetamine. Jose agreed and said he would be back in contact. Leahy received text messages from Jose's phone number. Leahy offered to pay $450 and he and Jose arranged a meeting at a 7-Eleven store on Spruce Street.

Leahy and his team went to the 7-Eleven. Norris walked toward Leahy's car. Leahy told Norris, "Hey, meet me over by the red box." Norris went toward the red box. Leahy identified himself as a police officer and detained Norris. Another officer arrested

2

Norris. A search of Norris's person yielded one-half ounce of methamphetamine in a plastic bag and another plastic bag containing a smaller amount.

Leahy obtained a search warrant for records pertaining to the cell phone number Klabin used in their January 7, 2013, communications. Leahy obtained the records in early February. Klabin was listed as the subscriber. The records showed a text message from Leahy on January 7 and, seconds later, an outbound call to Leahy. The records also showed the phone moved south toward the area of the 7-Eleven at the relevant times.

The cell phone records listed Klabin's address. Further research indicated the address was Klabin's residence. Leahy obtained a search warrant. In late February 2013, he and Harper executed the search warrant at Klabin's home. Under the bed pillows was a box containing a digital scale, methamphetamine pipes, a syringe and approximately 100 grams of methamphetamine in bags. A backpack in a closet contained approximately $10,000 in cash. Documents in the apartment indicated Klabin had a safety deposit box at Blue Vault storage facility. Klabin was arrested.

Leahy obtained a search warrant for the safety deposit box. The police searched it and found more than $30,000 in cash; vials containing liquid; and a digital scale.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel mentions the following as possible, but not arguable issues: (1) as to section 11370.9,

3

subdivision (a), whether there is substantial evidence Klabin intended to conceal or disguise the nature, location, ownership, control or source of proceeds to avoid a transaction reporting requirement; (2) whether the court erred by denying Klabin's motion to suppress evidence, whether there were valid grounds for issuing the search warrant, whether a court can rely on a defendant's priors to establish probable cause and whether the evidence relied upon to establish probable cause was stale; (3) whether the court erred by refusing to instruct the jury on third party culpability; (4) whether the court erred by finding Klabin had willingly waived his *Miranda* rights (*Miranda v. Arizona* (1966) 384 U.S. 436); (5) whether the court's refusal to sever counts 1 and 2 from counts 3 and 4 constituted an abuse of discretion; and (6) whether the court erred by ruling inadmissible Norris's post-*Miranda* statement that Klabin was not involved in the January 7, 2013 sale.

We granted Klabin permission to file a brief on his own behalf. He has not responded. A review of the record pursuant to *Wende* and *Anders*, including the possible issues listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issues. Klabin has been competently represented by appellate counsel.

DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

NARES, J.

5